IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LEE LEWIS,         )
                                  )
        Petitioner,        )
                                  )
                                  )     CIV-05-447-C
v.                           )
                                  )
EDWARD L. EVANS, Acting Director,  )
                                  )
        Respondent.      )

## SUPPLEMENTAL REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges that his due process rights were violated in an institutional disciplinary proceeding which resulted in the imposition of sanctions, including the forfeiture of 365 days of earned credits.  Respondent has responded to the Petition, and Petitioner has filed a reply. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be denied.

Petitioner alleges in his Petition that he was denied due process in an institutional disciplinary proceeding conducted at the Jackie Brannon Correctional Center[1] ("JBCC") in December 2004.  In this disciplinary proceeding, Petitioner alleges that he was charged with

---

[1]Petitioner's institutional record card reflects that he was confined at the Jackie Brannon Correctional Center from November 24, 2004, until December 2, 2004, when he was transferred to the restrictive housing unit at Oklahoma State Penitentiary ("OSP"), and that he is now confined at the Dick Conner Correctional Center.

the misconduct offense of "menacing." Petitioner alleges that a disciplinary hearing was conducted with respect to this misconduct charge and that the disciplinary hearing officer found him guilty. Petitioner seeks to overturn and expunge from his record the sanctions imposed as a result of this guilty finding. In support of his request for habeas relief, Petitioner alleges that the misconduct charge was fabricated, that the guilty finding was not based on any evidence, and that he was denied the opportunity to present witnesses in his defense. Respondent denies that Petitioner's due process rights were violated in this disciplinary proceeding.

I. Background

The uncontroverted record shows that a Department of Corrections ("DOC") Offense Report was issued on December 2, 2004, in which it was alleged that Petitioner committed the offense of "menacing" on that date when he threatened to kill the reporting officer, Correctional Officer ("CO") Dunn. Petitioner received a copy of the offense report on December 9, 2004. The DOC Incident/Staff Report completed by CO Dunn includes a description of the incident. In this description, CO Dunn states that on December 2, 2004, Petitioner attempted to enter the dining hall through the exit door, that CO Dunn refused to allow him to enter the dining hall through that door, that Petitioner became very aggressive with the CO, and that Petitioner threatened to kill the CO, after which Petitioner was transferred to a restrictive housing unit at OSP as a result of the misconduct charge.[2] An

---

[2]The CO states only that Petitioner was transferred to OSP, but Petitioner's consolidated record card reflects that he was actually transferred to a restrictive housing unit

investigation of the misconduct charge was conducted at JBCC.  The investigating officer prepared an Investigator's Report in which the investigating officer states that Petitioner declined to make a statement and requested to call a witness but that he did not know the inmate's name.  The Report indicates that Petitioner received a copy of the Investigator's Report on December 9, 2004, and that he was also advised of the date of the hearing.  A disciplinary hearing report ("report") memorializes the procedures employed and findings made at the disciplinary hearing conducted on the "menacing" misconduct charge.  This report reflects that on December 17, 2004, a disciplinary hearing was conducted before a disciplinary hearing officer, that Petitioner appeared at the hearing and entered a "not guilty" plea, that the hearing officer found Petitioner guilty of the misconduct offence, and that the hearing officer relied on evidence to support the finding of guilty.  This evidence is described in the report as follows: "Officer Dunn's statement that inmate Lewis told him he was going to kill him.  Officer Dunn is a correctional professional who stands nothing to gain by making a false statement."  The disciplinary sanctions imposed for the misconduct were disciplinary segregation for 30 days, the loss of 365 days of earned credits, and a reduction to classification level one for a minimum of 90 days.  The head of the facility reviewed and affirmed the guilty finding, Petitioner received a copy of the disposition of the disciplinary proceeding, and Petitioner then appealed the disciplinary finding to the warden and to the DOC Director's office.  In his administrative appeal, Petitioner contended that there was no

at OSP on that date.

written statement of the evidence relied on to support the guilty finding and that there was no evidence to support the guilty finding. He specifically alleged that the misconduct report was "fabricated" and that the disciplinary hearing officer merely "rubber-stamped" the reporting officer's statement concerning the incident which prompted the filing of the misconduct charge. Petitioner also alleged that he was denied his right to present inmate witnesses for his defense "who were on site to the entirety of subject matter." In affirming the disciplinary finding, the DOC Director's designee stated that "[r]eview of the Investigator's Report indicates you were provided the opportunity to present witnesses or submit statements but could not provide the name of the witness for the investigator to contact," that a review of the disciplinary hearing report indicates the evidence relied on for the finding of guilt, and that there was sufficient evidence to support the guilty finding for the misconduct of menacing.

II. Analysis

        States may create liberty interests for prisoners that are protected by the Due Process Clause, but these interests are generally "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [an inmate's] sentence." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).   In the challenged disciplinary proceeding, 365 days of earned credits were ordered removed from Petitioner's sentence credit record as a sanction for the finding of guilt.  It is assumed that the Petitioner has a liberty interest in the earned credits which were removed in the disciplinary proceeding. See Waldon v. Evans, 861 P.2d 311, 313

(Okla. Crim. App. 1993)(finding that Oklahoma "has created a liberty interest in earned credits and an inmate is entitled to due process protection prior to the loss of those credits"). Oklahoma provides by statute for the removal of earned credits for disciplinary reasons "upon recommendation of the institution's disciplinary committee, following due process, and upon approval of the warden or superintendent." Okla. Stat. tit. 57, §138.  "[A]n inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991). Therefore, Petitioner is entitled to due process prior to the removal of the earned credits in disciplinary proceedings.

Because prison disciplinary proceedings "are not part of a criminal prosecution," inmates are not entitled to the full extent of the due process rights afforded to defendants in criminal prosecutions.  To comply with the Constitution, the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974), concluded that inmates charged with a disciplinary misconduct must be afforded (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses consistent with institutional safety and correctional goals; and (3) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 563-567.   The revocation of earned credits must also be supported by "some evidence" in the record in order to comport with due process in these circumstances. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985).

A review of an institutional disciplinary proceeding based on this standard does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." <u>Id.</u> at 455.  Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id.</u> at 455-456.  <u>See</u> <u>Walker v. Edgell</u>, No. 93-3166, 1993 WL 371408, *2 (10th Cir. Sept. 23, 1993)(unpublished op.)("Mr. Walker should realize that the 'some evidence' standard does not require proof with certainty, proof beyond a reasonable doubt or even proof by a preponderance of the evidence.  All that is required is 'some evidence' exist to support the outcome of the disciplinary hearing.").  Thus, this Court's review of Petitioner's institutional disciplinary proceeding is "limited to whether the three steps mandated by <u>Wolff</u> were followed and whether there was some evidence to support the disciplinary [hearing officer's] findings." <u>Mitchell v. Maynard</u>, 80 F.3d 1433, 1445 (10th Cir. 1996).

The record of the disciplinary proceeding being challenged by Petitioner clearly shows that Petitioner was afforded due process commensurate with the foregoing standard. The record of the disciplinary proceeding being challenged by Petitioner reflects that the due process guarantees set forth in <u>Wolff</u> were provided to Petitioner, and the disciplinary hearing officer's statement of the evidence relied on provides some evidence to support the finding of guilt. The disciplinary hearing officer's finding that the reporting officer's statement was more credible than Petitioner's statement is well within the discretion of the hearing officer.

Petitioner contends that the denial of his request for witnesses denied him due process. However, "[t]he determination to allow an inmate to call, confront and cross-examine witnesses at a disciplinary hearing is within the sound discretion of the state prison officials." Williams v. Rice, No. 98-1146, 1998 WL 863982, *2 fn. 3 (10th Cir. Dec. 14, 1998)(unpublished op.)(citing Baxter v. Palmigiano, 425 U.S. 308, 321-322 (1976)). Because, as Petitioner concedes, he did not provide the investigating officer with the names of any inmate witnesses, the investigating officer stated in his report that he did not locate any witnesses. Petitioner was provided a copy of this report, which advised him of the reasons for the prison's denial of his request for witnesses. In his reply, Petitioner contends for the first time that he provided the investigating officer with sufficient identifying information, including a "description" of the witnesses, the "location of living quarter an[d] floor" and the "assign[ed] job" of the inmates he desired to call as witnesses. Petitioner's assertion concerning the information he provided to the investigating officer is too vague, however, to support his due process claim. Petitioner has not shown that specific information was provided to the investigating officer which would have correctly identified the potential witnesses. Petitioner did not assert in his administrative appeal that he had provided any identifying information concerning the purported inmate witnesses. Nor has Petitioner asserted how the testimony or statements of the purported witnesses would have assisted him in the disciplinary proceeding. It is not even clear from Petitioner's pleadings whether he sought to have one or more than one witness appear at his hearing or provide a statement. Because Petitioner was not denied due process with respect to the disciplinary proceeding

which resulted in the imposition of sanctions for the "menacing" misconduct, Petitioner is not entitled to habeas relief, and the Petition should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 be DENIED.  Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by October 11, 2005, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   21st   day of    September   , 2005.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

8