# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LEE LEWIS, ) | |
| ) | |
|       Petitioner, ) | |
| ) | |
| v. ) | Case Number CIV-05-447-C |
| ) | |
| DAVID MILLER, Warden, ) | |
| ) | |
|       Respondent. ) | |

## MEMORANDUM OPINION

Now before the Court is Petitioner Richard Lee Lewis's Response to the Court's Memorandum Opinion. The Court previously denied Petitioner's § 2241 habeas corpus petition and his subsequent motion for certificate of appealability. The Court did not order Petitioner to file the instant Response; therefore, the Court construes the Response as a motion under Fed. R. Civ. P. 60(b) for relief from judgment for the reasons delineated below.

The Federal Rules of Civil Procedure do not recognize a motion to reconsider; instead, the Rules allow a motion to alter or amend judgment under Rule 59(e), or a motion seeking relief from a judgment or order under Rule 60(b). Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Petitioner's motion cannot be considered one for relief under Rule 59(e), as he filed it more than ten days after the Court's November 10, 2005, entry of judgment; therefore, the Court construes Petitioner's motion as one brought under Rule 60(b) and restyles it as a Motion for Relief from Judgment.[*] See id.; Rule 59(e).

---

[*] Whether Petitioner's motion should be construed as a second or successive habeas corpus petition is irrelevant as § 2244's gatekeeping provisions are not applicable to second or successive
(continued...)

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990). Here, Petitioner merely restates the same argument that the Court previously considered and correctly rejected. (Report and Recommendation, Dkt. No. 20, at 5-8; Order, Dkt. No. 24.) Moreover, even though the Court construes Petitioner's motion liberally, he fails to set forth any argument of fact or law for the proper application of any of the six subsections contained in Rule 60(b). The Court finds that Petitioner has failed to allege exceptional circumstances sufficient to receive Rule 60(b)'s extraordinary relief. As a result, Petitioner's Motion for Relief from Judgment (Dkt. No. 35) is **DENIED**.

IT IS SO ORDERED this 28th day of June, 2006.

_/s/ Robin J. Cauthron_
ROBIN J. CAUTHRON
United States District Judge

---

[*] (...continued)
§ 2241 motions. See Gittens v. Menifee, 428 F.3d 382, 383 n.1 (2d Cir. 2005) (collecting cases from circuits that have resolved this issue).